# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| **TERRANCE HOOD,** | ) |
| **Plaintiff,** | ) |
| vs. | ) CAUSE NO. 3:06-cv-0799 AS |
| **ED BUSS,** *et al.*, | ) |
| **Defendants.** | ) |

## *OPINION AND ORDER*

Terrance Hood, a prisoner currently confined at the Wabash Valley Correctional Facility, filed a civil complaint and submitted an application to proceed without full prepayment of fees and costs pursuant to 28 U.S.C. § 1915(b). A prisoner may not "bring a civil action or appeal a judgment in a civil action under . . . (§ 1915) . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision.

The records of the United States District Court for the Northern District of Indiana establish that the disposition of two cases filed by Mr. Hood qualify as "strikes" withing the meaning of § 1915(g):

(1) *Terrance Hood v. Robert Farley et al.*, 3:94-cv-284 RM, dismissed for failure to state a claim upon which relief can be granted on November 9, 1994;

(2) *Terrance Hood v. William K. Wilson, et al.*, 3:05cv460 RM, dismissed pursuant to 28 U.S.C. § 1915A(b)(2) onJanuary 20, 2006.

The records of the United States District Court for the Southern District of Indiana establish that the disposition of one case filed by Mr. Hood qualifies as a "strike" within the meaning of §1915(g):

(3) *Terrance Hood v. D. Hartzler*, TH95-C-0207-T/H, application to proceed in forma pauperis denied and case dismissed on October 20, 1995.

Mr. Hood has three "strikes" within the meaning of 1915(g). According to the Seventh Circuit, an inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996). This case does not meet the standard of imminent danger of serious physical injury because Mr. Hood is complaining of events that occurred in the past at the Indiana State Prison, but he is currently confined at the Wabash Valley Correctional Facility. Accordingly, § 1915(g) mandates that the court deny Mr. Hood leave to proceed *in forma pauperis*. He may still proceed with this case, but to do so he must pay the full amount of the filing fee.

For the foregoing reasons, the court **DENIES** the plaintiff's motion for leave to proceed *in forma pauperis* (docket # 3); affords him to and including January 15, 2007, within which to pay the $350.00 filing fee; and advises him that if he does not pay the filing fee by that date, this complaint may be dismissed without further notice without affecting his obligation to pay the filing fee.

**IT IS SO ORDERED.**

**DATED**: December 14, 2006

                                          **S/ ALLEN SHARP**
                                        **ALLEN SHARP, JUDGE**
                                        **UNITED STATES DISTRICT COURT**